**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keyshia Promise Hadaway, | No. CV-22-00351-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| S. Waite, et al., | |
| Defendants. | |

Plaintiff initiated this civil rights action, proceeding pro se, on August 5, 2022. Doc. 1. In the Court's Screening and Service Order filed on October 28, 2022, the Court dismissed Counts Two and Three of the Complaint and dismissed Defendants Federal Bureau of Prisons and Defendant and former USP-Tucson Warden Catricia Howard. *See generally* Doc. 9. The Court also reviewed Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Doc. 6. On October 28, 2022, the Court ordered Defendants Waite and Gutierrez ("Individual Defendants") to answer Count One of the Complaint and the portion of Plaintiff's motion that sought injunctive relief. Doc. 9 at 11–15. The Court ordered that Plaintiff "either obtain a waiver of service or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later." *Id.* at 14.

On February 24, 2023, this Court issued an Order to Show Cause directing Plaintiff to submit written notice demonstrating good cause why this action should not be dismissed without prejudice for failure to serve under Rule 4(m). Doc. 11. Plaintiff did not respond to the Order to Show Cause and the time to do so has expired. *See* Dkt. Further, as of the

date of this Order, no proof of service or waiver of service has been filed. *See* Dkt.

A federal court does not have "personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule 4]." *Travelers Cas. & Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (internal quotation marks and citations omitted); Fed. R. Civ. P. 4(m) (if a defendant is not served within 90 days of the filing of a complaint the court must dismiss the action after notice unless plaintiff establishes good cause for the failure to timely serve). There are "two avenues for relief" from the Rule's time limit. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The first, which is "mandatory," requires a district court to "extend time for service upon a showing of good cause." *Id.* (internal citation omitted). Under the second, which is discretionary, "if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* The Ninth Circuit has not articulated a specific test that applies in exercising its discretion under Rule 4(m). *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). In considering an extension, the Court may consider factors such as: (1) the applicable statute of limitations; (2) prejudice to the defendant; (3) actual notice of the lawsuit; and (4) eventual service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Here, neither a mandatory nor discretionary extension is warranted. Neither excusable neglect nor any *Efaw* factors supports a finding of good cause. Plaintiff has not served Defendants and did not provide the Court with any plans to effectuate service. No pleadings, notices, status updates, or other documents have been filed since September 2022. Plaintiff has not shown cause for her failure to serve Defendants and the record does not establish adequate cause to grant Plaintiff an extension of time for service.

///
///
///
///
///

Accordingly,

**IT IS ORDERED DISMISSING WITHOUT PREJUDICE** all unserved Defendants for failure to timely serve under Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED DISMISSING WITHOUT PREJUDICE** this action. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 27th day of March, 2023.

_____
Honorable John C. Hinderaker
United States District Judge